# EXHIBIT B

**ADDENDUM TO**

**FRANCHISE AGREEMENT AND**

**DEVELOPMENT RIGHTS RIDER**

THIS ADDENDUM TO FRANCHISE AGREEMENT AND DEVELOPMENT RIGHTS RIDER (the "Addendum") is made this 13th day of May 2025 (the "Effective Date") by and between DonutNV Franchising, Inc., a Florida corporation (hereinafter, the "Franchisor"), on the one hand, and Eleven Nine LLC, a Texas Limited Liability Company, ("Owner") and Angela Hanson residing at 24922 Auburn Bend Dr, Spring TX 77389, (hereinafter, collectively "Franchisee"), on the other hand.

WHEREAS, the parties entered into a Franchise Agreement, dated March 27, 2023 (the "Original Agreement"), and a Development Rights Rider, dated of even date (the "Rider"), for the development and operation of DonutNV franchises in certain defined territories set forth in the Original Agreement and the Rider;

WHEREAS, pursuant to the Development Schedule (as defined in the Rider), the parties have entered into a new Franchise Agreement, dated as of the date hereof (the "Additional Agreement"), pursuant to which Franchisee will open and operate a DonutNV franchise in the Territory (the "Development Territory") defined as Unit # 2 -in the Development Schedule (the "Development Unit") (capitalized terms not otherwise defined herein shall have the meanings given to such capitalized terms in the Additional Agreement);

WHEREAS, pursuant to the terms of the Additional Agreement and the Rider, Franchisee is required to place an order for the Development Unit with Franchisor's affiliate, and enter into a purchase agreement and fund a deposit for the same, in connection with entering into the Additional Agreement, which Development Unit shall be utilized to service the Development Territory;

WHEREAS, the parties desire to amend the Additional Agreement and the Rider to waive the forgoing requirement to acquire the Development Unit, solely with respect to the Franchisee's operation of a DonutNV franchise within the Development Territory pursuant to the Additional Agreement.

NOW, THEREFORE, in consideration of the covenants herein and for other consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, intending to be legally bound, do agree as follows:

1. <u>Waiver of Obligation to Acquire Development Unit</u>. In connection with the parties entering into the Additional Agreement and based on the representation of the Franchisee that its existing equipment, Unit 1 ("Current Unit Assets") are sufficient to perform Franchisee's obligations under the Additional Agreement with respect to the Development Territory, Franchisor hereby waives Franchisee's obligation to acquire the Development Unit pursuant to the Additional Agreement and the Rider, solely with respect to the Development Territory. Franchisee agrees that the forgoing waiver shall not amend or otherwise modify Franchisee's other development obligations under the Rider, and in the event that Franchisor reasonably determines that Franchisee's Current

11146224.v2

Unit Assets are insufficient to adequately service the Development Territory, the parties based on a reasonable discretion  timeline pursuant to which the Franchisee will enter into a purchase agreement for, and acquire, an additional Unit to service the Development Territory.

2.    Commencement of Royalty Fee, Brand Fund Contribution and Technology Fee. Notwithstanding anything to the contrary in the Additional Agreement, in connection with Franchisor's waiver of Franchisee's obligation to acquire the Unit pursuant to Section 1 above, the parties hereto agree that the Royalty Fee, Brand Fund Contribution and Technology Fee shall commence **July 1, 2025,** as a Commencement Date (as defined in the Additional Agreement) of the Additional Agreement.

3.    This Addendum constitutes an integral part of the Additional Agreement and the Rider between the parties hereto, and the terms of this Addendum shall be controlling with respect to the subject matter hereof. Except as modified or supplemented by this Addendum, the terms of the Additional Agreement, the Rider and all other agreements by and between the parties (including, without limitation, the Original Agreement) are hereby ratified and confirmed, including, without limitation, Franchisee's obligation to pay Franchisor the Royalty Fee and Brand Fund Contribution pursuant to the Additional Agreement and the Rider (except as amended above with respect to the commencement date of the same).

4.    The amended terms of the Additional Agreement and the Rider set forth in this Addendum shall be effective only as of the Effective Date, without retroactive application to any period prior to the Effective Date.

5.    This Addendum shall be governed by and construed in accordance with the laws of the State of Florida as interpreted by the courts of said State, notwithstanding any rules regarding choice of law to the contrary.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

11146224.v2

IN WITNESS WHEREOF, the parties hereto have duly executed, sealed and delivered this Addendum on the day and year first above written.

**FRANCHISEE:**

DONUTNV SPRING-CONROE TX

ANGELA HANSON

ELEVEN NINE, LLC.

By:

Name: Angela Hanson

Title: Owner

**FRANCHISOR:**

DONUTNV FRANCHISING, INC.

By: kristen Seitz

Name: Kristen Seitz

Title: Sr. VP of Operation

**[Signature Page to Addendum to Franchise Agreement and Development Rights Rider]**

11146224.v2

# GENERAL RELEASE

This General Release ("Release") is executed by the undersigned ("Releasor") in favor of DonutNV Franchising, Inc., a Florida corporation ("DonutNV Franchising").

**Background Statement**: Releasor has interacted with DonutNV Franchising and received certain goods, services and representations and to the extent any exist, wishes to dispose of any outstanding liabilities as further defined herein. This Release is executed for good and valuable consideration, the receipt and sufficiency thereof being hereby acknowledged.

Releasor(s) agree as follows:

**1. Release.** Releasor(s) each jointly and severally (on behalf of itself and its parents, subsidiaries and affiliates and their respective past and present officers, directors, shareholders, managers, members, partners, agents, and employees (collectively, the "Releasing Parties")) hereby releases DonutNV Franchising, its affiliates, and their respective directors, officers, shareholders, employees, franchise sellers, and agents (collectively, the "Released Parties") from any and all claims, causes of action, suits, debts, agreements, promises, demands, liabilities, contractual rights and/or obligations, of whatever nature, known or unknown, which any Releasing Party now has or ever had against any Released Party based upon and/or arising out of events that occurred through the date hereof, including without limitation, anything arising out of the Franchise Agreement (collectively, "Claims").

**2. Covenant Not to Sue.** Releasor (on behalf of all Releasing Parties) covenants not to initiate, prosecute, encourage, assist, or (except as required by law) participate in any civil, criminal, or administrative proceeding or investigation in any court, agency, or other forum, either affirmatively or by way of cross-claim, defense, or counterclaim, against any Released Party with respect to any Claim. Releasing Parties agree that Released Parties shall have the right to injunctive relief for, and Releasing Parties hereby irrevocably agree to entry of injunction dismissing any claims or counterclaims you may bring in contradiction to or breach of this release and covenant not to sue.

Advancement Obligation. Releasor acknowledges and agrees that if Releasor violates this Release, Releasor will cause the Released Parties immediate economic harm in the form of the Released Parties' time, economic disruption and attorneys' fees in responding to any such lawsuit or claim released hereunder.  Accordingly, should Releasor file suit or counterclaim (in litigation or arbitration) or threaten any of the same, each undersigned Releasor will immediately, upon demand from Released Parties, pay to Released Parties $25,000 as partial, but not full accord and satisfaction of such expenses incurred or likely to be incurred by them in evaluating and responding to such claims or threatened claims.  Such liquidated damages will not preclude or be in lieu of any other actual or consequential damages, or attorneys' fees bore by Releasor hereunder or as a breach hereof.

**3. Representations and Acknowledgments.** Releasor represents and warrants that: (i) Releasor is the sole owner of all Claims, and that no Releasing Party has assigned or transferred, or purported to assign or transfer, to any person or entity, any Claim; (ii) Releasor has full power and authority to sign this Release; and (iii) this Release has been voluntarily and knowingly signed

**[Signature Page to Addendum to Franchise Agreement and Development Rights Rider]**
11146224.v2

after Releasor has had the opportunity to consult with counsel of Releasor's choice. Releasor acknowledges that the release in Section 1 is a complete defense to any Claim.

**4. Miscellaneous.** If any of the provisions of this Release are held invalid for any reason, the remainder of this Release will not be affected and will remain in full force and effect. In the event of any dispute concerning this Release, the dispute resolution, governing law, and venue provisions of the Franchise Agreement shall apply. Releasor agrees to take any actions and sign any documents that DonutNV Franchising reasonably requests to effectuate the purposes of this Release. This Release contains the entire agreement of the parties concerning the subject matter hereof.

**The undersigned Releasors have had an opportunity to obtain the advice of an attorney prior to executing this Release and do so voluntarily without reliance on any representation or statement from any Release Party. The undersigned hereby execute this Release on behalf of themselves individually and any entity through which they have interacted with any Released Party.**

Signed by:

By: _____
584C90D0DBA94E7...

Name: Angela Hanson

Date: 5/28/2025

11146224.v2